ORONOZ, PLAINTIFF AND RESPONDENT, *v.* MONTALVO ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Aguadilla in Contempt
Proceedings in an Action to Restore the Material Pos-
session of Real Property.

MOTION of the Plaintiff for Dismissal of the Appeal.

No. ——.—Decided originally July 9, 1914.

Decided on motion to reconsider July 31, 1914.

APPEAL—CONTEMPT—PARTIES.—The fact that a person was one of the parties
to the action which gave rise to the contempt proceedings does not make
him a party to said contempt proceedings, therefore he cannot ask for the
dismissal of the appeal taken by the party sentenced for contempt.

ON RECONSIDERATION.

CONTEMPT—ADVERSE PARTY.—When the contempt is purely civil, the party in-
jured by the disobedience is really the adverse party interested in the result
of the contempt proceedings and in the appeal when such is taken.
ID.—Not all contempts punishable for disobedience of an order rendered in a civil
action are necessarily civil.
ID.—APPEAL—UNVERIFIED MOTION—PARTIES.—When a motion to dismiss is not
verified and therefore the facts alleged therein cannot be deemed proven,
and is not accompanied by a copy of the judgment rendered in the contempt
proceedings in order that it may be ascertained whether the contempt is civil
or criminal from which to determine whether the adverse party in the action
is a party to the appeal taken from the judgment rendered in the contempt
proceedings with a right to move for its dismissal, the motion to dismiss
cannot be considered.

The facts are stated in the opinion.
*Mr. Carlos Franco Soto* for the plaintiff.
*Mr. Víctor P. Martínez* for Susano Montalvo.

MR. JUSTICE ALDREY delivered the opinion of the court.

Joaquín Oronoz Rodón filed a motion in this court for dis-
missal of the appeal which Susano Montalvo took from a
judgment of the District Court of Aguadilla convicting him
of contempt for having disobeyed the judgment of the court
rendered in an action between them and Víctor P. Martínez
for an injunction to restore the possession of real property.

He based the said motion on the failure of the appellant to present a statement of the case or bill of exceptions within the time prescribed by law, to move the lower court for an extension of time or to file the transcript of the record in this court within thirty days.

We did not rule on that motion, because we held that the fact that the mover was one of the parties to the suit did not make him a party to the appeal in the contempt proceedings. However, as he has moved for a reconsideration of our refusal and for dismissal of the appeal, it becomes necessary for us to state our reasons therefor in greater detail.

It is true, as the petitioner maintains, that there is a distinction between strictly criminal contempt and what is generally known as civil or constructive contempt. The rule distinguishing one from the other may be synthesized as follows: Civil contempt consists in the failure of a person to do something which the court ordered him to do for the benefit or advantage of another party to the proceedings before the court, while criminal contempt is committed by acts showing disrespect for the court or its proceedings, obstructing the administration of public justice or tending to discredit the court, such as disorderly or insulting conduct in the presence or immediate vicinity of the court, or acts of violence which interrupt its proceedings, as well as disobedience of its orders, interference with property in its custody or misconduct towards its officers. Repalje on Contempts, p. 25. *In re Wilson,* 17 Pac. Rep., 699; *Snow* v. *Snow,* 43 Pac. Rep. 621; *Gompers* v. *Buck's Stove & R. Co.,* 33 App. Cases, District of Columbia, 564; 9 Cyc., 6.

When the contempt is strictly civil the party injured by the disobedience is really the adverse party to the suit, who, as such, is interested and has a right to intervene in the result of the contempt. Thus we find in many cases that the parties to the suit are the parties to the contempt proceedings and to the appeal when taken. *Hayes* v. *Fischer,* 102 U. S., 122, and cases previously cited.

However, all contempts punishable for the disobedience of orders made in an action are not necessarily civil, as oc-curred in the case of *Phillips* v. *Welch*, 11 Nev., 187, cited in *Gompers* v. *Buck's Stove & R. Co., supra,* where a party refused to obey a writ of injunction. In the case at bar the motion for dismissal is not verified, therefore we cannot consider the facts on which it is based to have been proven. By the certificate of the secretary of the lower court accompanying the same we are informed that an appeal was taken from a judgment rendered in that court, but we do not know the nature of the judgment nor, therefore, whether it is a case of a civil contempt to which we could consider the petitioner a party or of criminal contempt in which he would have no right to intervene, wherefore we are unable to modify our previous decision and the motion to reconsider is overruled.

> *Reconsideration denied and motion for dismissal overruled.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.